UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL THOMPSON, )<br>)<br>   *Petitioner* )<br>)<br>v. )<br>)<br>JEFFREY MERRILL, WARDEN, )<br>MAINE STATE PRISON, )<br>)<br>   *Respondent* ) | Docket No. 04-106-B-W |

*RECOMMENDED DECISION ON RESPONDENT'S MOTION TO DISMISS AND PETITION FOR WRIT OF HABEAS CORPUS*

  The petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in connection with his conviction in the Maine Superior Court (Piscataquis County) on charges of robbery, aggravated assault and violation of conditions of release, in violation of 17-A M.R.S.A. §§ 651 and 208 and 15 M.R.S.A. § 1092. The petitioner simultaneously filed with his petition a motion for leave to file an amended petition, after his second post-conviction proceeding, then pending in state court, had concluded. Docket No. 2. The respondent moved to dismiss the petition as initially filed. Respondent's Motion to Dismiss, or, in the Alternative, Answer to Petition for Writ of Habeas Corpus, etc. ("Motion") (Docket No. 6) at 1. I granted the petitioner's motion for leave to file an amended petition. Docket No. 14. An amended petition was duly filed. Amended-Supplemental Pleading ("Amended Petition"), Docket No. 15. The respondent has moved to dismiss that petition as well. Respondent's Motion to Dismiss, or, in the Alternative, Answer to Amended Petition, etc. ("Amended Response") (Docket No. 16). I recommend that the court deny the petitions on the merits.

1

## I. Procedural Background

On December 15, 1994 a grand jury in Somerset County indicted the defendant on counts of robbery, aggravated assault and violation of a condition of release, in violation of 17-A M.R.S.A. §§ 651 and 208 and 15 M.R.S.A. § 1092.  Indictment, *State of Maine v. Michael Thompson*, Maine Superior Court (Somerset County), Docket No. CR-94-658.  A motion for change of venue was granted.  Docket, *State of Maine v. Michael Thompson*, Maine Superior Court (Somerset County), Docket No. CR-94-658, at 4; Docket, *State of Maine v. Michael Thompson*, Maine Superior Court (Piscataquis County), Docket No. CR-98-03, at 1.  After a jury trial on the first two counts and a bench trial on the third count, the defendant was found guilty on all counts.  Judgment and Commitment, *State of Maine v. Michael Thompson*, Maine Superior Court (Piscataquis County), Docket No. CR-98-3.  He was sentenced to concurrent terms of forty years on Count I and ten years on Count II and a consecutive term of five years on Count III.  *Id*.  The defendant's appeal to the Maine Law Court was denied, as was his application for leave to appeal his sentence.  *State v. Thompson*, Dec. No. Mem 99-29 (Maine Mar. 1, 1999).

The defendant filed a petition for post-conviction review in state court on May 30, 2001.  Docket, *Michael Thompson v. State of Maine*, Maine Superior Court (Somerset County), Docket No. SKOSC-CR-2001-00214.  The petition asserted that the state's "practice in not requiring the jury to return a specific verdict" violated the federal and state constitutions, that he received constitutionally insufficient assistance of counsel at trial and on appeal and that the jury instructions were constitutionally deficient.  Petition for Post Conviction Review and Relief, *Michael Thompson v. State of Maine*, Maine Superior Court (Piscataquis County) [sic], Docket No. [CR-01-214] ("State Post-Conviction Petition"), at [6]-[17].  A "supplemental petition" filed in the state court by the defendant asserted that his sentencing violated *Apprendi v. New Jersey,* 530 U.S. 466 (2000).

2

Supplemental Petition for Post-Conviction Review, *Michael Thompson v. State of Maine*, Maine Superior Court (Piscataquis County) [sic], Docket No. Cr-94-658 [sic] ("Supplemental State Petition"), at 1. Following an evidentiary hearing, the petition was denied. Order, *Michael Thompson v. State of Maine*, Maine Superior Court (Somerset County), Docket No. Cr-01-214 (Feb. 2, 2004) ("Post-Conviction Order") at 11. At that hearing, counsel for the defendant confirmed that the only issues being pursued by the defendant on the petition involved *Apprendi* and alleged intimidation of a witness. Transcript, Post-Conviction Review, *Michael Thompson v. State of Maine*, Docket No. CR-01-214 ("Transcript"), at 6; *see also* Post-Conviction Order at 3-11. The defendant's request for a certificate of probable cause to proceed with an appeal from this decision was denied by the Law Court. Order Denying Certificate of Probable Cause, *Michael Thompson v. State of Maine*, Maine Supreme Judicial Court sitting as the Law Court, Docket No. Som-04-145 (May 7, 2004).

The petitioner filed a second petition for post-conviction in state court on June 16, 2004. Petition for Post-Conviction Review, *Michael Thompson v. State of Maine*. Maine Superior Court (Somerset County), Docket No. CR-04-166 ("Second State Petition") (included in Docket No. 19); Order to Summarily Dismiss Post-Conviction Petition, *Michael Thompson v. State of Maine*, Superior Court (Somerset County), Docket No. CR-04-166 ("Second Post-Conviction Order") (included in Docket No. 19), at 2. The Superior Court dismissed this petition by order dated August 2, 2004. Second Post-Conviction Order at 3. A certificate of probable cause to allow the petitioner's appeal from this dismissal was denied by the Maine Law Court on December 22, 2004. Docket, *Michael Thompson v. State of Maine,* Maine Superior Court (Somerset County), Docket No. SKOSC-CR-2004-00166.

After the respondent filed his response to the amended petition, which includes a motion to dismiss the amended petition, the petitioner filed a document entitled "Motion to Strike Motion to

Dismiss," addressed to the respondent's pleading. Motion to Strike Motion to Dismiss (Docket No. 17). The petitioner presents no colorable reason for striking the responsive pleading. The motion to strike is denied.

## II. Discussion

The order granting the petitioner's motion for leave to file an amended petition in this proceeding directed that the amended petition include "any and all issues raised in [the] second state-court post-conviction relief proceeding that [the petitioner] wishes this court to consider." Order on Motion and Procedural Order (Docket No. 14) at 2. The "amended" petition filed by the petitioner in this action contends that the indictment in the underlying state criminal proceeding was invalid and that the sentence imposed by the state court was beyond that court's authority. Amended-Supplemental Pleading (Docket No. 15) at [1]-[4]. The first of these two issues was not raised in the second state-court post-conviction relief proceeding. Second State Petition at [1]-[4] & Memorandum in Support of Second Post Conviction Review Appeal Petition, *Michael Thompson v. State of Maine*, Maine Superior Court (Somerset County), Docket No. CR-04-214 [sic] (included in Docket No. 19) at 1-3. By the terms of my procedural order, and because any such claim has been procedurally defaulted, that claim cannot be considered in this proceeding. *Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997). The second issue raised in the amended petition was presented in the initial petition as the first claim and will be discussed below.[1]

The respondent contends that most of the issues asserted by the petitioner are procedurally defaulted. Motion at 5-10; Amended Response at 2-4. The statute governing the relief sought by the petitioner provides, in relevant part:

---

[1] The Maine Superior Court justice who dismissed the second state-court petition noted that the second petition "rais[ed] the same issues[] which were addressed in [the petitioner's] previous petition for post-conviction relief." Second Post-Conviction Order at 2.

4

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
> **(A)** the applicant has exhausted the remedies available in the courts of the State; or
> **(B)(i)** there is an absence of available State corrective process; or
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).  There is no suggestion in the record of this case that the state has not made corrective process available to this defendant or that the available process is ineffective to protect his rights.

The governing statute also provides, in relevant part:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of that claim —
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> **(e)(1)** In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(d) & (e)(1).

The initial *pro se* petition in this case presents four grounds for relief, all of which are entitled "Ineffective Assistance of Counsel."  Petition Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket No. 1) at 5-6.  As the respondent points out, Motion at 5, no claim of ineffective assistance of counsel was pursued by the petitioner in his post-conviction proceeding in state court or in his direct appeal to the Law Court from his conviction, Brief of the

5

Appellant Michael Thompson, *State of Maine v. Michael Thompson*, Law Docket No. PIS-980134 ("Law Court Brief") at xix.  Accordingly, any such claim is procedurally barred in this action. *Adelson* 131 F.3d at 261.  "[A] habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim[s]." *Id*. at 262.  In his reply brief, the petitioner states that casting his claims as asserting ineffective assistance of counsel "was a[n] error."  Objection to State['s] Motion to Dismiss — OR — Reply to State[']s Answer ("Reply") (Docket No. 12) at 1.  Because the substance of each claim in the petition as it is set forth following the "ineffective assistance" title makes clear that the claims are not actually based on that theory, I will address the substance rather than the title of each claim.

The respondent also contends that any claims that were raised in the petitioner's direct appeal to the Law Court have been procedurally defaulted because in that action the petitioner did "not specify that he [was] asserting a *federal* constitutional violation, as opposed to a *state* constitutional violation."  Motion at 6 (emphasis in original); Amended Response at 3-4.  It is quite clear that the petitioner asserted a federal constitutional ground for the first issue he raised on his direct appeal, Law Court Brief at 1-6, but that issue is not raised in his petition for habeas corpus relief.  The second issue raised by the petitioner in his direct appeal is presented as the first issue in the current petition. *Id*. at 7-9; Petition at 5.  The presentation of that issue to the Law Court cited only state law and cannot reasonably be read to alert the Law Court to the presence of a federal claim.  S*ee Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 1349-51 (2004).  Moreover, it was not included in the petitioner's request for post-conviction relief from the state court.  It has therefore been procedurally defaulted. *Id*. at 1351;  *see also Cormier v. State*, 2004 WL 2315275 (D. Me. Oct. 13, 2004), at *4.

Grounds two and three of the petition were not raised in the petitioner's direct appeal and count two was not raised in his petition for post-conviction relief.  State Post-Conviction Petition at 6-

6

17; Supplemental State Petition at [1]-[3]. Accordingly, ground two has been procedurally defaulted as well. Ground three was waived by the petitioner at the hearing on his petition for post-conviction relief, Transcript at 6, and therefore has also been procedurally defaulted.

The fourth and final claim in the initial petition[2] provides:

> Co-Defendant Cory Trial was set to testify for Michael Thompson to establish and admit that he (Trial) was in fact the person who committed the assault on the victim[. B]efore he was to testify two detective[]s threatened and intim[i]dated Trial under instruction and in front of the District Attorney (see Post Conviction Review evidentiary hearing transcript).

Petition at 6. This issue was addressed in the state post-conviction proceeding. Post-Conviction Order at 8-11. It has therefore been properly exhausted.

Ordinarily, the presence of unexhausted and exhausted claims in a petition for relief under section 2254 requires the federal court to dismiss the entire petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, the respondent in this case does not seek dismissal on this basis. Rather, he addresses the merits of the sole exhausted claim. Motion at 9-11.

The state post-conviction relief court addressed this issue as follows:

> One of the issues at trial was whether Thompson had stabbed Fortin and left him for dead or whether Cory Trial, another participant in the robbery, had stabbed Fortin without Thompson's knowledge. At trial the defense called Trial, who had already been convicted of robbery in connection with the incident and who had received a 20-year sentence, as a witness. Initially, at a brief hearing outside the jury's presence, Trial was asked if he was willing to answer questions and responded affirmatively. Once he began his

---

[2] After stating the fourth ground for relief, the petitioner wrote "For further grounds see attached documents." Petition at 6. No documents were attached to the petition and the petitioner's reply does not refer to any issues other than the four presented in the petition itself. The petitioner's reply does appear to argue the *Apprendi* issue which was pursued in his state post-conviction proceeding, Reply at 4, 7-9, but that ground is not asserted in his initial petition and may not be raised by way of a reply memorandum. *Ardolino v. Warden*, 223 F.Supp.2d 215, 234 n.10 (D. Me. 2002). The respondent construes the amended petition as asserting an *Apprendi* claim. Amended Response at 5-6. I do not discern such a claim, *see* Amended Petition at [2]-[3]], but to the extent that the amended petition should be so construed, *Apprendi* does not apply retroactively, *Gerrish v. United States*, 353 F.Supp.2d 95, 96-97 (D. Me. 2005). The petitioner's sentence was imposed before the decision in *Apprendi* was announced. Docket, *State of Maine v. Michael Thompson*, Maine Superior Court (Piscataquis County), Docket No. CR-98-03, at [3] (sentence imposed on March 5, 1998); *Apprendi v. New Jersey*, 530 U.S. 466, 466 (2000) (decided June 26, 2000).

7

testimony before the jury and was asked if he had had an altercation with Fortin or had hit Fortin, Trial stated that he could not answer.

A conference then ensued on the record but outside of the jury's presence in which Trial stated that the reason he was not willing to answer was that he was concerned about incriminating himself. In the subsequent discussion, the prosecutor stated that because Trial had already pled guilty and been sentenced on the robbery charge and because the aggravated assault charge had been dismissed against Trial at that time, "I don't think there's any possible way under the law that he can be recharged for the crime of aggravated assault or anything else involving the actual incident that took place that evening." [The trial judge] endorsed this statement. Thereafter Trial stated that he was prepared to answer questions. When the court asked him whether he understood what the prosecutor had said, Trial stated, "Yep, I won't get charged."

Before the jury, Trial then testified that he was the person who hit Fortin, that he might have lost control, and that when Fortin was hit, Trial believed Thompson was in the car. Trial further testified that when he hit Fortin, he had the knife in his hand and if Fortin was stabbed, "I'm the one that did it."

After Thompson's conviction, on his motion for a new trial, Thompson offered evidence that before Trial testified at trial, he had been visited by a current State Police detective and a former State Police detective and that the former had informed Trial that if he were to testify that he had stabbed Fortin, he would face another prosecution for aggravated assault despite his robbery plea. Trial testified at the hearing on the new trial motion that he had been intimidated in his trial testimony by what the detective had told him. At the post-conviction hearing in this case on October 17, 2003, Trial essentially repeated the same testimony.

The court does not find that Thompson is entitled to post-conviction relief based on the alleged intimidation of Cory Trial for a number of reasons. First, [the trial judge] heard all the same evidence on the motion for new trial and denied the motion. [The trial judge] concluded that the detective's actions prior to Trial's testimony were, charitably stated, "unfortunate." However, she noted that it had been explained to Trial in the courtroom that he could not be reprosecuted and that he had thereafter stated he was willing to answer questions. In this connection, it bears emphasis that on Thompson's direct appeal, the law Court concluded that the trial court did an "exemplary" job of explaining how unlikely it was that Trial would be charged with a further crime based on his testimony at trial.

In this post-conviction proceeding Thompson has not articulated how the Cory Trial issue would entitle him to post-conviction relief. . . .

\* \* \*

8

> . . . First, any taint that could have been caused by the trooper's actions was dispelled when it was explained to Trial that he could not be reprosecuted and he stated that he understood.
>
> Second, Cory Trial in fact testified before the jury that he and not Michael Thompson had been the person who was responsible for stabbing Eugene Fortin.  Under these circumstances the court cannot find that the inappropriate actions of the State police detective had any effect on the trial.
>
> Third, although Thompson has consistently argued that [the trial judge's] 40-year sentence was premised on her belief that Thompson stabbed Eugene Fortin, the sentencing transcript does not support this argument.  Instead, [the trial judge] stated that her sentence was based on Thompson's prior record and on his role in a horrific robbery and aggravated assault, "whether as an accomplice or a principle [sic]."  [The trial judge] nowhere stated that she concluded that Thompson actually wielded the knife that stabbed Eugene Fortin, and therefore the court cannot find that this issue resulted in any prejudice to Thompson for post-conviction purposes.
>
> Without excusing the actions of the State police detective who suggested to Trial that he could still be prosecuted for aggravated assault if he testified in support of Thompson at trial, those actions were fully aired prior to the direct appeal and furnish no basis for post-conviction relief.

Post-Conviction Order at 8-11 (citations omitted).  The petitioner does not suggest in his submissions to this court how the "intimidation" of Trial prejudiced him under the circumstances, let alone how the state post-conviction court's treatment of this issue resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).  The petitioner presents no evidence whatsoever to suggest that the state court's factual determinations concerning Trial were unreasonable.  He cites no federal law, and I am aware of none, that would contravene the state post-conviction court's treatment of this claim.  From all that appears, Trial, after being assured that the detective's threats were groundless, testified that he, not Thompson,

9

wielded the knife that injured the victim. The defendant could not possibly have been harmed by that testimony.[3] Nor was he denied the opportunity to present Trial's exculpatory testimony.

### IV. Conclusion

For the foregoing reasons, I deny the petitioner's motion to strike and recommend that the petition for a writ of habeas corpus be **DISMISSED** without a hearing.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 5th day of April, 2005.

>   /s/ David M. Cohen
>   David M. Cohen
>   United States Magistrate Judge

---

[3] In a footnote, the state post-conviction judge noted that
> Thompson argues that Trial was less convincing in his testimony before the jury because of the State police intimidation. The court has no basis to reach that conclusion. It is true that the jury may not have found Trial credible, but the State has argued throughout that Trial's testimony, both at trial and at the hearing on the motion for a new trial, was not credible for other reasons. Specifically, the State contends that throughout his testimony, Cory Trial has been motivated by his fear of Michael Thompson rather than by any fear of reprosecution. Notable, this court did not find Trial's testimony at the post conviction hearing on October 17, 2003 — that he thought he could still be charged when he testified at trial — was credible given his clear statement at the time that he understood the prosecutor's position ("Yep, I won't be charged").

Post-Conviction Order at 10 n.5. This conclusion regarding Trial's credibility is fully supported by the state-court record.

10